IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| UNITED STATES OF AMERICA | ) |  |
|---|---|---|
|  | ) |  |
| v. | ) | CR 314-002 |
|  | ) |  |
| DERRICK BERNARD MOYE | ) |  |

## ORDER

Before the Court are the various pre-trial discovery motions filed by the parties. Many (if not all) discovery issues should be addressed in full by the Court's rulings below and the liberal discovery policy that the government has confirmed it is applying in this case. To the extent, if any, either party believes there are specific inadequacies in the discovery exchanged to date that are not addressed below, the Court directs such party to confer in good faith with the opposing party and file, if necessary, a discovery motion and supporting brief within seven days from the date of this Order.

### GENERAL DISCOVERY MOTION

As to Defendant's general discovery requests, Defendant does not allege any specific inadequacies in the discovery provided by the government to date, presumably because of the government's statement that it has followed in this case its customary practice of providing liberal discovery by furnishing Defendant with investigative reports, Defendant's criminal history, audio and video recordings, and other documentary materials as set forth in the First Certificate of Disclosure. (Doc. no. 173; doc. no. 226, p. 1.) Accordingly, the Court finds that the position of the United States Attorney in permitting liberal disclosure of the government's

file pertaining to this case renders the general discovery requests **MOOT**. (Doc. no. 103.)

## MOTION FOR DISCLOSURE OF EXCULPATORY AND IMPEACHING MATERIAL

Defendant seeks the disclosure of exculpatory and impeaching information in accordance with the principles of Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972). (Doc. no. 104.) To some extent, Defendant's requests exceed the scope of the requirement in Brady for government disclosure of information that is favorable to a defendant and material to the issues of guilt or punishment. Brady, 373 U.S. at 87; United States v. Agurs, 427 U.S. 97 (1976). The Court **GRANTS** the motion to the extent that the government must provide all Brady material to Defendant within five days of the date it is received or its existence becomes known. The government must disclose impeaching information not less than fourteen days prior to trial.

## MOTION FOR PRE-TRIAL JAMES HEARING

Defendant moves for a pre-trial hearing to determine the admissibility of out-of-court statements by alleged co-conspirators. To lay the proper foundation for admission of a co-conspirator statement pursuant to Federal Rule of Evidence 801(d)(2)(E) and under the standard enunciated in United States v. James, 590 F.2d 575, 582 (5th Cir. 1978) (*en banc*), "the government must establish by a preponderance of the evidence: (1) that a conspiracy existed, (2) that the defendant and the declarant were members of the conspiracy, and (3) that the statement was made during the course and in furtherance of the conspiracy." United States v. Harrison, 246 F. App'x 640, 651 (11th Cir. 2007). However, as the trial court may consider both co-conspirator statements and independent external evidence in making a determination on

admissibility, a pre-trial determination under James is not required. United States v. Magluta, 418 F.3d 1166, 1177-78 (11th Cir. 2005); United States v. Van Hemelryck, 945 F.2d 1493, 1497-98 (11th Cir. 1991). Thus, the required finding need not be made pre-trial and can be made at the close of the government's case in chief. United States v. Johnson, No. 2:12cr84-MHT, 2012 WL 5392267, at *2 (M.D. Ala. Nov. 5, 2012) (citing United States v. Sanchez, 722 F.2d 1501, 1507 (11th Cir. 1984)). Indeed, the Supreme Court has ruled that a trial court may examine hearsay statements prior to admission when making a preliminary factual determination under Rule 801(d)(2)(E) and further explained, "the judge should receive the evidence and give it such weight as his judgment and experience counsel." Bourjaily v. United States, 483 U.S. 171, 181 (1987) (citation omitted).

As the need for a James hearing is lessened in light of Bourjaily, and in the interest of judicial economy, this determination will be made at trial. Therefore, the Court **DENIES** the motion for a pre-trial James hearing. (Doc. no. 108.)

### MOTION TO ALLOW PARTICIPATION IN VOIR DIRE

The Court **GRANTS** this motion. (Doc. no. 112.) Unless otherwise directed by the presiding District Judge, counsel must submit to the Court, not later than seven days prior to trial, a list of questions which they desire to ask prospective jurors.

### NOTICE OF WITHDRAWAL OF MOTIONS TO SUPPRESS

Defendant has withdrawn his preliminary and supplemental motion to suppress. (See doc. no. 246.) Accordingly, the Clerk is **DIRECTED** to **TERMINATE** the suppression motions from the motions report. (Doc. nos. 106, 216.)

## MOTION FOR RECIPROCAL DISCOVERY

The government seeks reciprocal discovery from Defendant under Rule 16(b) of the Federal Rules of Criminal Procedure, including a written summary of any evidence Defendant intends to offer under Fed. R. Evid. 702, 703, or 705. In light of the government's willingness to provide liberal discovery and the unopposed nature of the request, the Court **GRANTS** this motion (doc. no. 225), and any information not yet furnished shall be provided to the government no later than fourteen days prior to trial.

SO ORDERED this 21st day of November, 2014, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA